# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JESUS HOLGUIN CARAVEO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-294-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jesus Holguin Caraveo, #457382, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in New Boston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

Caraveo is serving a sixty-five year sentence in TDCJ on his 1989 state court conviction for

attempted capital murder with a deadly weapon in Criminal District Court Number Three of Tarrant County, Texas, cause no. 0307448AR. (State Habeas R. at 78A)[1] Caraveo was denied release to parole by the Board of Pardons and Paroles (the Board) on February 23, 2007. (Pet'r Memorandum in Support, Exhibit Appendix B) The Board relied on the following factors for its denial:

    2D.    The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; the record indicates use of a weapon.

    3B.    The record indicates excessive drug or alcohol involvement which includes possession, use or delivery in the instant offense or criminal history.

Caraveo's next parole review date is set for January 2009. Caraveo filed a state habeas application challenging the Board's denial of parole, which was denied without written order by the Texas Court of Criminal Appeals. *Ex parte Caraveo*, State Habeas Application No. WR-27,444-07, at cover. This federal petition for habeas relief followed.

### D. ISSUES

Generally, Caraveo complains of the Board's denial of his release on parole and the policies regarding the suitability of an inmate for release on parole and the policies and laws regarding forfeiture of time credits and delay in reclassification of an inmate following major disciplinary actions. (Petition at 7)

### E. RULE 5 STATEMENT

Quarterman does not believe that Caraveo's claims are unexhausted. 28 U.S.C. § 2254(b).

---

[1] "State Habeas R." refers to the record of Caraveo's state habeas application no. WR-27,444-07.

F. DISCUSSION

Caraveo claims the Board's denial of his release on parole and its reliance upon new policies and a series of unchanging factors, which the jury already considered at the time it assessed punishment and which are irrelevant to his institutional adjustment or rehabilitation, violate his rights under the Ex Post Facto and Due Process Clauses. (Pet'r Memorandum at 3-12)

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Contrary to Caraveo's assertion, Texas parole statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Thus, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). Because Caraveo has no protectable interest in obtaining parole, his constitutional claims regarding application of amended policies and guidelines affecting his suitability for parole or the factors considered by the Board to reach its decision necessarily fail. *See Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Allison*, 66 F.3d at 73; *Orellana*, 65 F.3d at 32.

Caraveo claims TDCJ's retroactive application of the amended Prison Management Act

against restoration of forfeited good time credits following a major disciplinary action, thereby extending his incarceration and delaying his release to mandatory supervision, violates his rights under the Ex Post Facto and Due Process Clauses. (Pet'r Memorandum in Support at 24-27) *See also* TEX. GOV'T CODE ANN. § 498.004. Due to one or more disciplinary violations, Caraveo asserts he has lost 995 days of good time, which under new policies or legislation will not be restored as they would have in the past. (*Id.* at 24 & Appendix H)

Article I, Section 10 of the United States Constitution provides, in pertinent part, that no state shall pass any ex post facto law. The Supreme Court has construed this to mean that states are prohibited from enacting any law which imposes a punishment for an act which was not punishable at the time it was committed or imposes additional punishment to that then prescribed. *Weaver v. Graham,* 450 U.S. 24, 28 (1981). Thus, the following two elements must be present for an ex post facto violation to occur: (1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the petitioner's crimes. *McCall v. Dretke,* 390 F.3d 358, 363 (5th Cir. 2004). Where a statute applies retroactively, the existence of an ex post facto violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *See Kansas v. Hendricks,* 521 U.S. 346, 371 (1997).

Caraveo cannot show that the complained of policies or legislation constitute a retrospective change to his detriment because there has been no increase in his punishment as a result of forfeiture of his good time credits. Before and after Caraveo committed the undersying offense, Texas law has specifically recognized that good time credit applies only to an inmate's eligibility for parole or mandatory supervision and does not reduce, extend, or otherwise have any effect on the length

of sentence imposed on an inmate. *See* Act of May 25, 1985, 69th Leg., R.S., ch. 835, § 1, 1985 Tex. Gen. Laws 6196, 6196-97 (now codified as Tex. Gov't Code Ann. § 498.003(a) (Vernon 2004)); *Hallmark v. Johnson*, 118 F.3d 1073, 1077 (5th Cir. 1997); *Ex parte Hallmark,* 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); *see also Ex parte Montgomery,* 894 S.W.2d 324, 328-29 (Tex. Crim. App. 1995) (rejecting due process and ex post facto claims concerning implementation of the policy restricting the restoration of previously earned good time credit). Absent a showing that his punishment was increased by the failure or refusal of prison officials to restore forfeited good time credits, Caraveo fails to establish an ex post facto violation. Further, because the state statutes have, since at least 1977, vested complete discretion with the state correctional authorities on the issue of restoration of good time credits forfeited for disciplinary infractions, there is no protected liberty interest in the restoration of good time credits. *Hallmark,* 118 F.3d at 1079-80. Thus, Caraveo cannot establish a due process violation as a result of the forfeiture of his good time credits.

Finally, Caraveo claims retroactive application of the amended Prison Management Act delaying reclassification of his time-earning status after a major disciplinary action also extends his incarceration and release to mandatory supervision in violation of the Ex Post Facto and Due Process Clauses. A reduction in line class status, however, does not increase the punishment for or alter the definition of criminal conduct for his crime. Nor does an inmate's classification implicate a protectable liberty interest for due process purposes. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Ex parte Hallmark*, 883 F.2d at 674.

In conclusion, Caraveo has failed to prove that he has been denied any constitutionally protected right. Absent a claim that he has been deprived of some right secured to him by the United States Constitution or laws, habeas relief is not available. *Thomas v. Torres,* 717 F.2d 248, 249 (5th

Cir. 1983).

## II. RECOMMENDATION

Caraveo's petition should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 22, 2008. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 22, 2008, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within

seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 2, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE